

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROBERTA B. MACK,<br>　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 3:15-2624-MGL-KDW<br>§ |
| SOUTH CAROLINA DEPARTMENT<br>OF TRANSPORTATION,<br>　　　Defendant. | §<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Roberta B. Mack filed this job discrimination action against her employer, Defendant South Carolina Department of Transportation, on April 15, 2015. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's Motion for Judgment on the Pleadings be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 18, 2016, Plaintiff filed her objections on April 25, 2016, and Defendant filed its response to Plaintiff's objections on May 5, 2016. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed this lawsuit (*Mack II*), against Defendant in state court, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, for filing a previous lawsuit alleging discrimination and retaliation that led to the Court's decision in *Mack v. South Carolina Department of Transportation*, C.A. No. 3:12-2960-MGL (*Mack I*). She states in *Mack II* that the retaliation that she suffered at the hands of Defendant came in the form of Defendant denying to her "a due salary equity analysis because of her protected activity[,]" *Mack II*, ECF No. 1, Compl. ¶ 31, and for it failing to promote her to "a position in May[ ] 2013 for which she was qualified [and instead giving] [t]hat position . . . to a lesser qualified white male," *id*. ¶¶ 34-35.

Defendant removed *Mack II* to this Court. *Mack II*, ECF No. 1. Thereafter, Defendant filed a Motion for Judgment on the Pleadings, maintaining *Mack II* is barred by res judicata as the result of the Court's grant of summary judgment in favor of Defendant in *Mack I*. *Mack II*, ECF No. 17. In the Report, the Magistrate Judge suggests that the Court grant Defendant's motion for judgment on the pleadings based on the doctrine of res judicata.

"Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgement, whether by increasing or decreasing the award or by reversing the result." *Heckert v. Dotson*, 272 F.3d 253, 258 (4th Cir. 2001). "'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the

2

two suits.'" *Martin v. Am. Bancorp. Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)). Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors v. E. Auto Distrib.*, 892 F.2d 355, 359 (4th Cir.1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

In this action, the parties agree that there was a final judgment on the merits in the earlier suit, *Mack I*, and that the identities of the parties in this suit, *Mack II*, are the same as those in *Mack I*. They disagree, however, on the issue as to whether the claims in *Mack II* are the same as those in *Mack I*.

Plaintiff makes four specific objections to the Report. The Court will address each one below.

First, Plaintiff complains that "[t]he Report and Recommendation misapplied the instant retaliation claims as alleging the protected activity at issue was Plaintiff's prior charges of discrimination as opposed to her prior lawsuit." *Mack II*, ECF No. 32, Objections 1 (citation omitted). In other words, Plaintiff "pleads that her retaliation is based on her previous lawsuit, not her prior charge." *Id*. at 8. When viewed carefully, this is nothing more than a distinction that makes no difference.

Plaintiff is correct when she states that "[r]es judicata does not bar claims that did not exist at the time of the prior litigation." *Id*. at 5 (citations omitted). But, that is not what we have here. In fact, each of Plaintiff's retaliation claims in fact "exist[ed] at the time of the prior litigation." *Id*. And, here is why:

3

"[T]he appropriate inquiry to determine whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved in the prior judgment.'" *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). "[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes v. Wyo. Dep't of Emp't, Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). "Not only does res judicata bar claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Puegot Motors*, 892 F.2d at 359 (quoting *Felsen*, 442 U.S. at 131).

Plaintiff filed *Mack I* on October 12, 2012. *Mack I*, ECF No. 1. She states in the present suit that "[s]ince filing [*Mack I*], Plaintiff was and has been continuously denied a due salary equity analysis because of her protected activity." *Mack II*, ECF No. 9, ¶ 31. She also avers that Defendant has failed to promote her because of her *Mack I* lawsuit. *Id*. ¶ 32.

For purposes of deciding Defendant's motion, all facts alleged in the complaint must be taken as true and all reasonable factual inferences must be drawn in favor of the plaintiff, *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). Consequently, because Plaintiff complains that "[s]ince filing that lawsuit, [she] was and has been continuously denied a due salary equity analysis because of her protected activity[,]" *Mack II*, ECF No. 9, ¶ 31, Plaintiff's *Mack II* complaint makes it self-evident that her present allegation of retaliation regarding her salary existed while *Mack I* was still pending. She also avows that Defendant's not giving to her a promotion that

4

was given to a less qualified white male was a result of Defendant's retaliation against her based on her filing *Mack I*. *Id*. ¶ 32.

With these facts, it is obvious to the most casual reader that Plaintiff could have and should have brought both of her retaliation claims for filing *Mack I* to the Court's attention on October 12, 2012, when she brought that suit, or any other time during the twenty-nine months that passed from the time she filed *Mack I*, until March 23, 2015, when the Court entered judgement in favor of Defendant and closed the case.

Instead, Plaintiff waited until after *Mack I* had come to a conclusion before she attempted to take another bite at the proverbial apple. Unfortunately for Plaintiff, however, that is exactly what res judicata forbids. It bars claims in a plaintiff's subsequent litigation when the claims are based on conduct that could have and should have been included in the previous lawsuit. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (4th Cir. 2004). Consequently, the Court will overrule this objection.

Second, Plaintiff avers that "[t]he Report and Recommendation erred in concluding that Plaintiff could have brought her retaliation claims in her prior lawsuit on the basis that they were already addressed in the charges underlying that lawsuit." *Mack II*, ECF No. 32, Objections 1 (citation omitted). The Court is unpersuaded.

"[A] plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge and because a second conciliation could not be expected to be any more fruitful than the first." *Jones v. Calvert*, 551 F.3d 297, 302 (4th Cir. 2009).

5

In the face of such clear precedent, Plaintiff continues to contend that she was barred from pursuing her retaliation claims for filing suit in *Mack I* because she had failed to exhaust her administrative remedies as to the related retaliation claims she brings in *Mack II*. But, this is simply not so. *Jones* could not be any clearer on that point. It is for that reason that the Court will overrule this objection, too.

Third, according to Plaintiff, "[e]ven if Plaintiff's failure to promote claim could have brought in her prior case, Plaintiff's salary freeze claim could not have been; the Report and Recommendation errs in not viewing these claims separately with respect to their own particular facts and circumstances." *Mack II*, ECF No. 32, Objections 1. The Court is unconvinced.

According to Plaintiff, she "pleads two distinct sets of adverse retaliatory actions[:] a denied promotion and a denied salary equity analysis. Both sets are premised on retaliation for filing *Mack 1*, not for filing the charges that led to *Mack 1*; thus, Plaintiff did not have the right to file them within *Mack 1*." *Mack II*, ECF No. 32, Objections 10 (citation omitted).

Here we go again. These are the same arguments that the Court has already rejected above. First, Plaintiff alleges in her Complaint in *Mack II* that "[s]ince filing [*Mack I*], Plaintiff was and has been continuously denied a due salary equity analysis." *Mack II*, ECF No. 9, ¶ 31. And, in Plaintiff's objections, she contends that Defendant's denial of a promotion claim was also based on her filing *Mack I*. *Mack II*, ECF No. 32, Objections 10.

Further, Plaintiff's *Mack I* Amended Complaint is broadly worded and readily encompasses both purported incidents of retaliation raised in *Mack II*. *See Mack I*, ECF No. 10, Am. Compl. ¶¶ 19-20 (claiming retaliation for opposition to discrimination caused her to be "overlooked and bypassed" for "appropriate adjustments and job descriptions and increases in pay"). Consequently

6

and unquestionably, the *Mack II* claims concern that same subject matter and not "new" claims." Report 11. Accordingly, the Court will also overrule this objection.

Fourth and finally, Plaintiff maintains that "[t]he Report and Recommendation overlooks the important distinctions between this case and *Serna v. Holder* in error." *Mack II*, ECF No. 32, Objections 1 (citation omitted). This objection is without merit.

The Court need not tarry here long. That is so because *Serna v. Holder*, 559 F. App'x 234 (4th Cir. 2014), is an unpublished opinion and is, thus, not binding on this Court. For that reason alone, the Court declines Plaintiff's invitation to discuss the nuances of *Serna* and how the Magistrate Judge erred in applying it. Suffice it to say, and as Defendant notes, the Fourth Circuit held in *Serna* that even though "it was 'likely' that 'all of the adverse employment actions Serna alleged in her second complaint had . . . come to pass prior to the filing of the amended complaint in her first lawsuit,' what mattered was that they all had 'certainly [come to pass] before' Serna's first suit was dismissed." ECF No. 33 at 8, Defendant's Response to Plaintiff's Objections (quoting *Serna*, 559 F. App'x at 238). Here, the alleged retaliation that Plaintiff asserts she suffered since she filed her lawsuit against Defendant "certainly had 'come to pass' before judgment was entered in *Mack 1*." *Id.* (quoting *Serna*, 559 F. App'x. at 238). Therefore, the Court will overrule this objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 16th day of May, 2016, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE